REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
This letter is in response to your correspondence of January 11, 1983, in which you inquired as to any changes which this office might suggest in connection with the statutes governing bid rigging or similar antitrust violations. We do have several suggestions for possible changes in our state's antitrust laws.
First of all, our state criminal sanctions for antitrust violations which parallel the federal Sherman Antitrust Act and which are contained in the Junkin Act, Neb.Rev.Stat. § 59-801, et seq. (Reissue 1978), make violation of the antitrust laws a misdemeanor in Nebraska. Similar violations of the federal laws are a felony under the federal statutes. We suggest that it would not be inappropriate if our criminal sanctions were to track the corresponding federal statutes and if our criminal statutes were to make violation of the antitrust laws a felony.
Second, we suggest a possible change in § 59-1608 of the Nebraska Consumer Protection Act, Neb.Rev.Stat. 59-1601
et seq. (Reissue 1978). That particular section allows this office to bring an enforcement action to restrain or prevent violation of the antitrust laws in instances where individual consumers, rather than the state, have been damaged by antitrust violations. Under the terms of 59-1608, the `prevailing party' in such an action may recover the costs of the action including attorney's fees. In some enforcement actions initiated by this office under this section, defendants have argued that they were entitled to attorney's fees under this section should they prevail in the action. This possibility of an award of attorney's fees against the state in instances when we are acting in a goodfaith prosecutorial function can seriously affect the enforcement decisions of this office. For example, when we are faced with an ongoing violation which requires immediate action, we may well be forced to delay filing a lawsuit until we have obtained absolutely clear cut evidence. Obviously, such evidence in an antitrust action is often very difficult to obtain. Therefore, we suggest that § 59-1608
be amended in such a way that only the state may recover costs and attorney's fees should it prevail in an enforcement action. This is consistent with § 59-1609, which allows the state to recover attorney's fees when it is successful in an action for antitrust damages. Alternatively, § 59-1608 could be amended in such a way as to allow defendants to obtain attorney's fees against the state upon a showing of bad faith enforcement by the prosecuting entity.
Third, we note that the Consumer Protection Act contains no specific venue provisions for actions by this office under §§ 59-1608, 59-1609, 59-1614, and 59-1615. In the past we have brought such actions in the county where the defendants were located and where the antitrust violation occurred.
In connection with our investigation of collusive bidding activities, some of the possible defendants are out-of-state companies and under the current status of the statutes, it is unclear as to the proper venue for such defendants. We suggest that some form of general venue statute similar to that contained in § 59-1610 be added to the Consumer Protection Act so that the state may bring an enforcement action or sue for damages in either the district court of the county in which the alleged violator resides or has his principle place of business, or in the district court of Lancaster County.
Finally, in regard to your question concerning funds or resources for our investigation of collusive bidding, we note that the antitrust division of this office currently has no full time investigator to conduct antitrust investigations. Appropriate funding for such a full time investigator position would be helpful to us in connection with our investigation of collusive bidding and also in our investigation of other antitrust violations.
Sincerely yours, PAUL L. DOUGLAS Attorney General Dale A. Comer Assistant Attorney General Antitrust Division